# 6524
$ 250 MA
NS ISSUED
RULE 4.1
FORM
SUED
Y. CLK
8-29-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JOHN PALERMO AND        )
JULIE PALERMO,          )
        Plaintiffs,     )           C.A. No.
                        )
v.                      )
                        )
TOWN OF NORTH READING,  )
a body politic,         )
        Defendant.      )
_____)
```

# 05 ⌐ 1 1 7 8 2 RWZ

MAGISTRATE JUDGE

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, defendant petitions for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the defendant states as follows:

1.    On or about July 27, 2005, the plaintiffs filed this suit in the Middlesex Superior Court, Civil Action No. 05-02602.

2.    On August 2, 2005, the plaintiffs' complaint was served upon the defendant. Attached as Exhibit A is a copy of the plaintiffs' complaint and summons which were served upon the defendant.

3.    In their complaint, the plaintiffs allege "42 U.S.C. §1983 provides a cause of action for the violation of a citizen's rights protected by the Constitution of the United States."

4.    Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28 U.S.C. §1441(b).

5.    This Notice of Removal is being filed within the time period required by law, 28 U.S.C. §1446(b).

Respectfully submitted,

The Defendant,
TOWN OF NORTH READING,

Leonard H. Kesten, BBO No. 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: August 29, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail-hand on ___8-29-05___

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

*2( (ﬔ =*
*Chﬔ 22nd .*

## COMMONWEALTH OF MASSACHUSETTS

................ MIDDLESEX ............... , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

**05-2602**

JOHN PALERMO and
JULIE PALERMO
.................................. , Plaintiff(s)

v.

TOWN OF NORTH READING, a body
politic
................................................ , Defendant(s)

RECEIVED
BARBARA STANS
TOWN CLERK
NORTH READING, MASS
2005 AUG -2 P 3 30

## SUMMONS

To the above-named Defendant: **Town of North Reading, a body politic**

You are hereby summoned and required to serve upon .Mark.J..Favaloro,.Esquire,.Favaloro.&

.Associates................................ plaintiff's attorney, whose address is .348 Park Street, N. Reading M

.................................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..... **Cambridge** ............

.................................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at ..........................................................

the .................................................... day of .................................................

......................, in the year of our Lord .....................................

*Edward J. Sullivan*
**Clerk**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons i

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
DOCKET NO.

)
**JOHN PALERMO AND** )
**JULIE PALERMO** )
   Plaintiffs, )
)
v. )
)
**TOWN OF NORTH READING, a** )
**body politic,** )
   Defendant. )
)

RECEIVED
BARBARA STATS
TOWN CLERK
NORTH READING MASS.
2005 AUG 12 P 3 30

## COMPLAINT

### I. Parties

1.    Plaintiff John Palermo is an individual residing at 8 Hillside Road,

Boxford, Massachusetts.

2.    Plaintiff, Julie Palermo is an individual residing at 8 Hillside Road,

Boxford, Massachusetts.

3.    The Defendant, Town of North Reading, is a body politic with a usual

place of business at 235 North Street, North Reading, Massachusetts.

### II. Facts

4.    On June 30, 1987, Plaintiffs John Palermo and Julie Palermo (collectively

"Palermos") acquired the premises known as Lots 70, 71 and 86 First Street, North

Reading, Massachusetts, as further described in a deed rendered with the Middlesex

South District Registry of Deeds in Book 18278, Page 170 (Premises).

5.    The Premises abut a private way in North Reading known as First Street.

6.     On or about August 11, 1997, the Palermos made application to the North Reading Board of Health seeking a disposal work permit for a septic system to be built on the Premises. A copy of correspondence dated August 28, 1997 from Martin Fair, the heath Agent of the Defendant work permit is attached hereto as Exhibit 1.

7.     Said permit sought in connection with a building permit application by the Plaintiffs for the Premises, also filed in August of 1997.

8.     On August 28, 1997, the Plaintiffs obtained approval for a percolation test for the Premises which appraisal was required for the Septic permit and ultimately the building permit sought by the Plaintiffs.

9.     Plaintiffs' building permit was denied by the North Reading Building Inspector until such time that First Street was completely constructed.

10.     Immediately thereafter, litigation was commenced by an abutter to Palermos' property, William Flynn, seeking to enjoin the Plaintiffs and others from using an "old gravel way" crossing his property, located outside the limits of First Street, which also gravel way had been used by the Plaintiffs and others to access their property. Flynn also brought an action against the Town of North Reading and its building inspector alleging that the Town had breached its duty relative to First Street and the old gravel way.

11.     From 1997 to date, the Defendant has allowed other property owners to develop similar properties to the Premises, yet the Town had denied the Palermos the right to develop their property.

12.    In the summer of 2003, the Palermos were contacted by an appraiser on behalf of the Defendant indicating that the Town was planning to take Palermos land by eminent domain.

13.    In response to same, the Palermos caused correspondence to be sent to such appraiser, confirming that the Premises were in fact a buildable lot. A copy of such correspondence is attached hereto as Exhibit 2.

14.    In 2004, the Palermos again petitioned the Defendant, through its Community Planning Commission (CPC), to build out First Street as an unaccepted street. A copy of such application is attached hereto as Exhibit 3.

15.    The Defendant, though its town planner, Robert Rodgers, informed Palermos' counsel the CPC, the Town's Planning Board, was not willing to allow the Plaintiffs' to build out First Street, and that a complete subdivision plan would now be necessary.

16.    On March 24, 2005, despite the existence of the aforesaid _Flynn_ lawsuit, the Town took Plaintiffs property by eminent domain. A copy of a notice evidencing such taking is attached hereto as Exhibit 4.

17.    The pro tanto award given to the Palermos was $15,250.00.

### III.  Causes of Action

### Count I
### (Eminent Domain, c. 79)

18.    The Plaintiff restates and re-alleges each other allegation of this Complaint as if set forth at length herein.

19.    The pro tanto amount awarded to the Palermos did not represent the fair market value of the property before the taking.

20.    As a result, the Palermos have been damaged.

WHEREFORE, the Plaintiffs move this Court to issue a judgment in favor of the Plaintiffs equaling the fair market value of the Premises.

**Count II**
**(Declaratory Relief, G.L. c. 231A)**
**(Equal Protection, U.S. Const., 14th Amend., Mass. Const.)**
**(Due Process, U.S. Const., 14th Amend., Mass. Const.)**

21.    The Plaintiff restates and re-alleges each other allegation of this Complaint as if set forth at length herein.

22.    An actual controversy has arisen between the Parties, which is appropriate for determination under G.L. c. 231A, as to whether the Defendant should have issued a Building Permit allowing the Plaintiffs to develop the Premises.

23.    An actual controversy has arisen between the Parties, which is appropriate for determination under G.L. c. 231A, as to whether the Town's taking of the Premises with litigation pending, constituted any taking of land improper.

24.    An actual controversy has arisen between the Parties, which is appropriate for determination under G.L. c. 231A, as to whether the Defendant's actions violate the Plaintiffs' rights of Equal Protection afforded by the Constitutions of the United States and the Commonwealth of Massachusetts.

25.    An actual controversy has arisen between the Parties, which is appropriate for determination under G.L. c. 231A, as to whether the Defendants actions violate the Plaintiffs' right of Due Process afforded by the Constitutions of the United States and the Commonwealth of Massachusetts.

WHEREFORE, the Plaintiff prays that this Court:



A.      Enter Judgment declaring that the Defendant exceeded its authority in denying the Plaintiffs' plans to develop the Premises.

B.      Enter Judgment declaring that the Defendant violated the Plaintiffs' rights of due Process;

C.      Enter Judgment declaring that the Defendant violated the Plaintiffs; rights of Equal Protection; and

D.      Grant the Plaintiffs such other and further relief is just and appropriate.

### Count III

**(Regulatory Taking)**
**(U.S. Const., 5th Amend)**
**(Mass. Const., Art. X and XII)**
**(M.G.L. c. 79, s. 14)**

26.    The Plaintiff restates and re-alleges each other allegation of this Complaint as if set forth at length herein.

27.    As set forth above, the actions, decisions, and policies of the Defendant have deprived the Plaintiffs of al economically beneficial use of the Premises.

28.    The said actions, decisions, and policies of the Defendant do not have a substantial relationship to public health, safety or welfare.

29.    Palermos proposed development of the Premise would not create a nuisance or violate state property laws.

30.    Palermos hereby petition, pursuant to G.L. c. 79, s. 14, that they be awarded damages as compensation from the Defendant's effective condemnation of the Premises.

WHEREFORE, the Palermos pray that this court:

A.    Enter Judgment declaring that the Defendant have effected an unconstitutional taking of the Plaintiffs' Premises;

B.    Award the Plaintiffs damages in an amount to be determined at trial;

C.    Award the Plaintiffs interest, costs, and attorneys' fees; and

D.    Grant the Plaintiffs such other and further relief as is just and appropriate.

## COUNT IV

### (Damages)
### (Massachusetts Civil Rights Act)

31.    The Plaintiff restates and re-alleges each other allegation of this Complaint as if set forth at length herein.

32.    The actions of the Defendant in rejecting Palermos' plans were made in bad faith.

33.    The actions of the Defendant knowing that all of substantially all other similarly situated properties previously considered by the CPC had been approved, was an act of bad faith.

34.    The actions of the Defendant and CPC and its agents maliciously and intentionally deprived Plaintiffs of the protections afforded by Massachusetts law and deprived them of their civil rights.

35.    The actions of Defendant's agents were not done within the scope of their official authority as Members of the Board.

36.    As a result of the actions of the Defendant and its agents, the Plaintiffs have suffered and will continue to suffer monetary damages, including but not limited to, the inability to complete, develop and sell the Premises, loss of use of the Premises and



the monies that would have been derived from the development of same, engineering fees, attorneys' fees, and carrying costs.

WHEREFORE, the Plaintiffs pray that this Court:

A.     Enter Judgment in favor of the Plaintiffs;

B.     Award the Plaintiffs damages against the Defendant in an amount to be determined at trial;

C.     Award the Plaintiffs interest, costs and attorneys' fees; and

D.     Grant the Plaintiffs such other and further relief as is just and appropriate.

### V.     <u>Jury Demand</u>

The Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED

JOHN PALERMO AND JULIE PALERMO

By their attorneys,

_____
Mark J. Favaloro, BBO# 160330\
FAVALORO & ASSOCIATES
348 Park Street, Suite 202
North Reading MA 01864
(978) 664-1000

Dated:_____

- 7 -

1



**Town of North Reading**
*Massachusetts*

*Board of Health*

August 28, 1997

Bruce P. Eaton, PE
CEC Land Surveyors Inc.
7 Winter Street, Suite 3
Peabody, MA 01960

Re: Sub-Surface Disposal System
    First Street, North Reading, MA

Dear Mr. Eaton,
     I have performed a cursory review of the above noted
plan and disapproved it for the following reasons.

     1. The test pip descriptions, name of the
     soil evaluator who described them and the
     name of the person from the Board of Health
     who witnessed them have not been included
     on the plan (see 310 CMR 15.220 (4)(h)).

     2. Your soil evaluator has determined the
     high groundwater elevation by the presence
     of redoximorphic features in the test pits.
     Specifically, at elevation 74.5 in test pit
     #1 and 75.2 in test pit #2.  This places
     the bottoms of your leaching trenches as
     proposed at elevation 73.0 in or below the
     groundwater when it rises to its maximum
     elevation.  In this soil a four foot (4')
     separations required between the bottom of
     a soil absorption system and the maximum
     groundwater elevation.

First Street                    -2-


        If you have any questions, please feel free to call me
at 978-664-6042.

                        Sincerely,

                        *Martin Fair*

                        Martin Fair, RS
                        Agent Board of Health

c: John Palermo



(Original on file.)
(Scale of this plan in feet.)

Suggested Development
HOLMAN   HALF-ACRES
NORTH  READING, MASS.
Scale 1in.=100ft.  June 20,1925.
Area 74.5 Acres    C.H.Holman  Surveyor

(Original on file.)

MIDDLESEX REGISTRY OF DEEDS, SO. DIST.
CAMBRIDGE, MASS
COPY OF PLAN
Recorded July 25, 1925 at 9 h. 10 m. A. M.
In Plan Book 358 Plan, 8
Attest



Location Address or Lot No. _11 First Street_
MAP-33          North Reading
Parcel-87        **On-site Review**

Deep Hole Number _TP97-1_ Date: _8/04/97_   Time:          Weather _Sunny_
Location (identify on site plan)
Land Use _Forest_          Slope (%) _8-15%_ Surface Stones _Yes_
Vegetation _Oak, Red Maple, White Pine_
Landform _Drumlin_
Position on landscape (sketch on the back) _See reverse side_
Distances from:

| | | | |
|---|---|---|---|
| Open Water Body | _N/A_ feet | Drainage way | _N/A_ feet |
| Possible Wet Area | _N/A_ feet | Property Line | _>20_ feet |
| Drinking Water Well | _N/A_ feet | Other | |

## DEEP OBSERVATION HOLE LOG*

| Depth from Surface (inches) | Soil Horizon | Soil Texture (USDA) | Soil Color (Munsell) | Soil Mottling | Other (Structure, Stones, Boulders, Consistency, % Gravel) |
|---|---|---|---|---|---|
| 0—6" | Ap | Very fine sandy loam | 10YR 4/3 | NO | Very friable & granular |
| 6"—21" | Bw | gravely fine sandy loam | 10YR 5/8 | NO | Very friable & weak granular |
| 21"—70" | C₁ | gravely loamy sand | 2.5Y 6/6 | Yes @ 40" 7.5YR 5/8 2.5Y 6/2 | friable & massive ≈ 35% gravel, 20% stones, 15% cobbles |
| 70"—132" | C₂ | gravely loamy sand | 2.5Y 6/4 | Yes | friable & massive ≈ 45% gravel, 20% stones, 15% cobbles — 4'x6' boulder |

* MINIMUM OF 2 HOLES REQUIRED AT EVERY PROPOSED DISPOSAL AREA

Parent Material (geologic) _Glacial Till_                    Depth to Bedrock: _none_
Depth to Groundwater:  Standing Water in the Hole: _none_          Weeping from Pit Face: _none_
Estimated Seasonal High Ground Water: _42"_



DEP APPROVED FORM · 12/07/95

RM 11 - SOIL EVALUATOR FORM
Page 2 of 3

Location Address or Lot No. __11 First Street__
__North Reading__

## On-site Review

Deep Hole Number TP97-2 Date: 8/04/97    Time: ___    Weather Sunny
Location (identify on site plan)
Land Use Forest    Slope (%) 8-15% Surface Stones Yes
Vegetation Oak, Red Maple, White Pine
Landform Drumlin
Position on landscape (sketch on the back) See TP97-1 sh 2 of 3
Distances from:

| | | | |
|---|---|---|---|
| Open Water Body | N/A feet | Drainage way | N/A feet |
| Possible Wet Area | N/A feet | Property Line | 220 feet |
| Drinking Water Well | N/A feet | Other | |

## DEEP OBSERVATION HOLE LOG*

| Depth from Surface (Inches) | Soil Horizon | Soil Texture (USDA) | Soil Color (Munsell) | Soil Mottling | Other (Structure, Stones, Boulders, Consistency, % Gravel) |
|---|---|---|---|---|---|
| 0-7" | Ap | very fine sandy loam | 10YR 4/3 | No | very friable & granular |
| 7"-24" | Bw | gravely fine sandy loam | 10YR 5/8 | NO | very friable & granular |
| 24"-75' | C₁ | very gravely loamy sand | 2.5Y 7/3 | Yes @ 46" 7.5YR5/8 2.5Y 6/2 | friable & massive ≈35% gravel, 25% boulders, 15% cobbles, 15% stones |
| 75"-120" | C₂ | very gravely loamy sand | 5Y 6/4 | yes | friable & massive ≈40% boulders, 35% gravel, 20% cobbles |

* MINIMUM OF 2 HOLES REQUIRED AT EVERY PROPOSED DISPOSAL AREA
Parent Material (geologic) Glacial Till    Depth to Bedrock: none
Depth to Groundwater:  Standing Water in the Hole: none    Weeping from Pit Face: none
Estimated Seasonal High Ground Water: 46"



DEP APPROVED FORM · 12/07/95

FORM 12 - PERCOLATION TEST

Location Address or Lot No. __11 First Street__

# COMMONWEALTH OF MASSACHUSETTS
North Reading , Massachusetts

## Percolation Test*

Date: 8/05/97          Time: 2:34

| Observation Hole # | TP 97-1 | TP 97-2 |
|---|---|---|
| Depth of Perc | 57" | 72" |
| Start Pre-soak | 2:34 | 3:35 |
| End Pre-soak | 2:49 | 3:50 |
| Time at 12" | 2:49 | 3:50 |
| Time at 9" | 3:15 | 4:11 |
| Time at 6" | 3:53 | 4:43 |
| Time (9"-6") | 38 minutes | 32 minutes |
| Rate Min./Inch | 12 minute-40sec/inch | 10 minute-40sec/inch |

* Minimum of 1 percolation test must be performed in both the primary area AND reserve area.

Site Passed ☒    Site Failed ☐

Performed By: Doris McLunesqure

Witnessed By: Martin Fair

Comments: ..............................................................



DEP APPROVED FORM - 12/07/95

No................ Fee................

THE COMMONWEALTH OF MASSACHUSETTS

# BOARD OF HEALTH

Town OF North Reading

## Application for Disposal Works Construction Permit

Application is hereby made for a Permit to Construct ( ) or Repair ( ) an Individual Sewage Disposal System at:

11   FIRST   STREET                 LOT #87
................Location - Address................    or Lot No.

John   Palermo
................Owner................    Address

................Installer................    Address   Size Lot...1.2...   ACRES
Sq Feet

Type of Building ................................

Dwelling — No. of Bedrooms....4.............................Expansion Attic ( )    Garbage Grinder ( )
Other — Type of Building ...........................No. of persons.................... Showers ( ) — Cafeteria ( )
    Other fixtures ........................................................................

Design Flow........52.........gallons per person per day. Total daily flow......etc.c.....gallons.
Septic Tank — Liquid capacity 1000 gallons  Length...12... Width....5.... Diameter............ Depth...5...
Disposal Trench — No. ....2.... Width....2... Total Length.....72.... Total leaching area.....etc. sq. ft.
Seepage Pit No. ......... Diameter......... Depth below inlet......... Total leaching area.........sq. ft.
Other Distribution box ( )    Dosing tank ( )
Percolation Test Results    Performed by....Denis  Leversee.....  Date....8/4/97...
    Test Pit No. 1...12...minutes per inch  Depth of Test Pit...122... Depth to ground water...none...
    Test Pit No. 2...10...minutes per inch  Depth of Test Pit...120... Depth to ground water...none...

Description of Soil........Clay  &  Silt...........................................................

Nature of Repairs or Alterations — Answer when applicable.........................................

Agreement:

The undersigned agrees to install the aforedescribed Individual Sewage Disposal System in accordance with the provisions of TITLE 5 of the State Environmental Code — The undersigned further agrees not to place the system in operation until a Certificate of Compliance has been issued by the board of health.

Signed ............................................

Application Approved By ........................................    Date........

Application Disapproved for the following reasons:........................................    Date........

Permit No. ........................    Issued ........................    Date........

---

THE COMMONWEALTH OF MASSACHUSETTS

BOARD OF HEALTH

................ OF ................

## Certificate of Compliance

THIS IS TO CERTIFY, That the Individual Sewage Disposal System constructed ( ) or Repaired ( ) by ........................................
................Installer................
at ........................................
has been installed in accordance with the provisions of TITLE 5 of The State Environmental Code as described in the application for Disposal Works Construction Permit No. ................ dated ................
THE ISSUANCE OF THIS CERTIFICATE SHALL NOT BE CONSTRUED AS A GUARANTEE THAT THE SYSTEM WILL FUNCTION SATISFACTORY.

DATE................    Inspector................

---

THE COMMONWEALTH OF MASSACHUSETTS

BOARD OF HEALTH

................ OF ................

No................    Fee................

## Disposal Works Construction Permit

Permission is hereby granted ................
to Construct ( ) or Repair ( ) an Individual Sewage Disposal System
at No................
................Street................
as shown on the application for Disposal Works Construction Permit No................ Dated................
................Board of Health................

DATE................

FORM 1255  HOBBS & WARREN, INC., PUBLISHERS

CHECK OR FILL IN WHERE APPLICABLE

~B 1 8 2 7 8   P 1 √ U

MASSACHUSETTS QUITCLAIM DEED SHORT FORM (INDIVIDUAL) 881

I.,Charles Tarbi, 541 Bennington St., E. Boston, MA

S25 -

of    E. Boston, Massachusetts                    SUFFOLK    County, Massachusetts,

*being unmarried*, for consideration paid, ~~and in full consideration of~~ ✦ See Below

grant to    John J. Palermo and Julie A. Palermo, husband and wife    *

of    41 Linwood Ave., No. Reading, MA  01864    with **quitclaim covenants**
Middlesex County, Massachusetts

the land in
North Reading, Middlesex County, Massachusetts

[Description and encumbrances, if any]

Being lots 70, 71, and 86 on plan of HOLMAN HALF ACRES, made by
C. H. Nelson, surveyor, dated June 30, 1925, and recorded with
Middlesex South District Deeds, Book of plans 358, Plan 8.
Map  33   par  87   Book   12541   pg   156   p D   9.14.73
Said premises are further bounded and described as follows:

    NORTHERLY by said First Street.
    WESTERLY by lot numbered 100 on said plan.
    SOUTHERLY by lot numbered 87 on said plan.
    WESTERLY again by other part of said lot 87 on said plan.
    SOUTHERLY again by said Second St., and.
    EASTERLY by said Broadway.

Being a part of the same premises described in deed from
Lillian A. Holman to Alfred F. Gill et ux, dated September 3, 1926,
and recorded with said Deeds Book 5063, Page 384.

Being the same premises conveyed to the Grantor by deed of
Stephen F. Murphy and Beverly A. Murphy, dated September 14, 1973,
recorded with Middlesex South District Deeds, Book 12541, Page 156.

✦ The consideration for this deed is $10,000.00.



COMMONWEALTH OF MASSACHUSETTS
... JUN 30 '87 ...    22 80

**Witness** ....my.... hand    and seal    this........30th........ day of...... JUNE .........,19 87

JOHN J. PALERMO
(WITNES TO SIGNATURE OF CHARLES TARBI)    CHARLES TARBI
JULIE A. PALERMO

and recorded with said Deeds Book .

Being the same premises conveyed to the Gra... or by deed of
Stephen F. Murphy and Beverly A. Murphy, dated September 14, 1973,
recorded with Middlesex South District Deeds, Book 12541, Page 156.

The consideration for this deed is $10,000.00.

**Witness** my hand and seal this 30 day of JUNE 19 87

*Salvatore Tarbi*                    *Charles Tarbi*
JOHN J. PALERMO                     CHARLES TARBI
(WITNESS TO SIGNATURE OF CHARLES TARBI)
JULIE A. PALERMO

### The Commonwealth of Massachusetts

Middlesex                    ss.                    June 30 1987

Then personally appeared the above named *Charles* Tarbi

and acknowledged the foregoing instrument to be *his* free act and deed before me

*Patricia A. Lambert*
Notary Public — Justice of the Peace

My commission expires 8/10/90          19

(*Individual — Joint Tenants — Tenants in Common.)

### CHAPTER 183 SEC. 6 AS AMENDED BY CHAPTER 497 OF 1969

Every deed presented for record shall contain or have endorsed upon it the full name, residence and post office address of the grantee and a recital of the amount of the full consideration thereof in dollars or the nature of the other consideration therefor, if not delivered for a specific monetary sum. The full consideration shall mean the total price for the conveyance without deduction for any liens or encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals shall be recorded as part of the deed. Failure to comply with this section shall not affect the validity of any deed. No register of deeds shall accept a deed for recording unless it is in compliance with the requirements of this section.

2

# FAVALORO & ASSOCIATES

**PARK PLACE EAST**
**348 PARK STREET, SUITE 202**
**NORTH READING, MA 01864**

MARK J. FAVALORO, P.C.
STEVEN G. MANCHINI
MATTHEW M. MacKOUL, OF COUNSEL†
WILLIAM F. CROWLEY, OF COUNSEL
†ALSO ADMITTED IN CALIFORNIA

TELEPHONES: (978) 664-1000
(781) 944-2729
FACSIMILE: (978) 664-3953

97-330

October 3, 2003

**VIA FACSIMILE TRANSMISSION 978 750 0456**
**And FIRST CLASS MAIL**

William LaChance, MAI, SRA
Petersen/LaChance Realty Advisors
100 Conifer Hill Drive, #206
Danvers, MA 01923

      RE:    Eisenhaures Pond Park Taking Property of John and Julie Palermo
               Assessor's Map 33, Lot 87

Dear Mr. LaChance:

      Please be advised that this office represents Mr. & Mrs. Palermo regarding the above-referenced matter. As you may recall in the beginning of December, 2002, Julie Palermo had an extended telephone conversation with you regarding her above-referenced property. Mrs. Palermo indicated to you that said parcel was buildable as of right subject to final build out of First Street in accordance with town standards. The Palermos' property in question consists of 1.2 acres with 200 feet of frontage on First Street and 300 feet of frontage on Broadway as shown on Town Assessor's Map. I am enclosing for your review relevant documentation regarding my clients' property including evidence of septic approval in connection with my clients' Application for a Building Permit in 1997.

      At that time the building permit was denied until such time that First Street was made suitable for access and egress. As I am sure you are aware, immediately subsequent thereto, lawsuits were filed in the Massachusetts Land Court and thereafter consolidated (see Flynn v. Town of North Reading, et al., Massachusetts Land Court Case Number . 240308), which further halted home construction by my clients until the resolution of that case.

      Finally, there have been settlement attempts initiated by counsel for William Flynn whereby a proposed subdivision plan, an extension of which extends to my clients' frontage on

FAVALORO & ASSOCIATES
ATTORNEYS AT LAW

William LaChance, MAI, SRA
Page 2
October 3, 2003

     All plans and documents referenced in this letter have been attached hereto for your reference.  It is my hope when, and if, the final appraisals are completed that the buildability of my clients' lot will be duly noted.

     Please contact me or my clients (the Palermos' phone number is 978-887-6745) should you have further questions in this matter.

          Very truly yours,

          FAVALORO & ASSOCIATES

          By _____
              MARK J. FAVALORO

MJF:mh
Enclosure
cc:    Design Consultants, Inc. (via facsimile)
       Patricia A. Cantor, Esquire (via facsimile)
       Maria E. DeLuzio, Esquire (via facsimile)
       Mr. & Mrs Palermo (via email)

# MULTI COMMUNICATION REPORT

OCT-03-2003 04:01 PM FRI

| | |
|---|---|
| FAX NUMBER | : 9786643953 |
| NAME | : FAVALORO |

| | |
|---|---|
| REF. NAME | : |
| PAGES | : 16 |

## 1. SUCCESSFUL

| FAX NUMBER | NAME |
|---|---|
| 16177767710 | |
| 16176541735 | |
| 16178807171 | |

## 2. UNSUCCESSFUL

| FAX NUMBER | NAME |
|---|---|
| | |

## 3. MULTI COMMUNICATION JOURNAL

| NO. | NAME/NUMBER | START TIME | TIME | MODE | PAGE | RESULTS |
|---|---|---|---|---|---|---|
| 165 | 16176541735 | 10-03 03:46PM | 02'40" | ECM BC | 016/016 | [ O.K ] |
| 165 | 16178807171 | 10-03 03:50PM | 03'02" | ECM BC | 016/016 | [ O.K ] |
| 165 | 16177767710 | 10-03 03:53PM | 08'12" | ECM BC | 016/016 | [ O.K ] |

## MESSAGE CONFIRMATION

### OCT-03-2003 03:42 PM FRI

FAX NUMBER    :    9786643953
NAME          :    FAVALORO

| | | |
|---|---|---|
| NAME/NUMBER | : | 19787500456 |
| PAGE | : | 16 |
| START TIME | : | OCT-03-2003 03:33PM FRI |
| ELAPSED TIME | : | 08'38" |
| MODE | : | STD G3 |
| RESULTS | : | [ O.K ] |

### FAVALORO & ASSOCIATES
Attorneys at Law

MARK J. FAVALORO
STEVEN G. MANCHINI
MATTHEW M. MACKOUL, ••••••
WILLIAM F. CROWLEY, ••••••

•ALSO ADMITTED IN CALIFORNIA

mjfavaloro@favlaw.com
smanichini@favlaw.com
mackoul.matthew@verizon.net

PARK PLACE EAST
348 PARK STREET, SUITE 202
NORTH READING, MA 01864

www.favlaw.com

TELEPHONES: (978) 664-1000
(781) 944-2729
FACSIMILE: (978) 664-3953

mtwomey@favlaw.com
kjuppe@favlaw.com
mhiggins@favlaw.com

### FACSIMILE TRANSMITTAL

DATE: October 3, 2003                                    TIME: 4:07 PM

TO:  | Name | Company | Fax No. |
|---|---|---|
| William LaChance | Peterson/LaChance Realty | 978 750 0456 |
| Design Consultants, Inc. | | 617 776 7710 |
| Patricia Cantor, Esquire | | 617 654 1735 |
| Maria DeLuzio, Esquire | | 617 880 7171 |

FROM: ☑ Mark J. Favaloro
      ☐ Steven G. Manchini
      ☐ Matthew Twomey
      ☐ Karen Juppe
      ☐ Marie Higgins

TOTAL NUMBER OF PAGES (including cover sheet): 16
IF YOU DID NOT RECEIVE ALL OF THIS TRANSMISSION, PLEASE CALL (978) 664-1000.

SPECIAL MESSAGE:

The information contained in this facsimile message is privileged or confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is neither allowed nor intended. If you have received this communication in error, please immediately notify us by telephone at the above number and return the original message to us at the above address via the U.S. Postal Service. Thank you.

3

## FAVALORO & ASSOCIATES

PARK PLACE EAST
348 PARK STREET, SUITE 202
NORTH READING, MA 01864

MARK J. FAVALORO, P.C.
STEVEN G. MANCHINI
MATTHEW M. MacKOUL, OF COUNSEL†
WILLIAM F. CROWLEY, OF COUNSEL
†ALSO ADMITTED IN CALIFORNIA

TELEPHONES: (978) 664-1000
(781) 944-2729
FACSIMILE:  (978) 664-3955

October 15, 2004

**BY HAND**

Robert Rodgers, Planner
Community Planning Commission
North Reading Town Hall
North Reading, MA 01864

     RE:   Appian way/ First Street improvement plans

Dear Mr. Rodgers:

     Please be advised that I represent Paul Palermo, owner of 20 Appian way, and John and Julie Palermo owner of 11 First Street relative to the above referenced matter. Upon your review, please contact me if you have any further questions in this matter.

               Very truly yours,

               FAVALORO & ASSOCIATES

               By
               MARK J. FAVALORO

MJF:hm
enclosures

*TAXES. HAVE NOT BEEN PAID.*
*PLEASE. SEE TAX Collector.*

TOWN OF NORTH READING
BOARD OF ASSESSORS
235 NORTH STREET
NORTH READING, MA 01864

RECEIVED

JUL 2 1 2004

NORTH READING
BOARD OF ASSESSORS

*Pd. 33.00*

## REQUEST FOR CERTIFICATION OF ABUTTERS LIST

To be submitted to (check one):

_____ Board of Appeals - *Towns*
_____ Board of Health
__✓__ Community Planning Commission - *Towns*
_____ Conservation Commission - *Towns*
_____ Selectmen
_____ Liquor License
_____ Other

**If this form is not completed, it will be returned.**

Copy of Assessor's Map with area highlighted - Fee of $3.00 __✓__
Abutters List Fee $30.00 __✓__                                    **PAID** _____

Property Owner of Record ____Paul S. Palermo____

Address of Property ____20 Appian Way____

Assessor's Map# ____33____    Parcel# ____98____

Name of Applicant (print) ____Paul S. Palermo____

Applicant Address ____8 Lebel Rd Danvers, MA 01923____

Applicant's Telephone # ____978-317-8080 (cell)____

## CERTIFIED LIST WILL BE PROVIDED WITHIN 7 TO 10 WORKING DAYS

Official Use Only

Certified by: _____

Date: ____7/21/04____

# CERTIFICATION OF ABUTTERS LIST

The Board of Assessors of the Town of North Reading do hereby certify in accordance with the provisions of Sections 10 and 11 of Chapter 808 of the Acts of 1975, that the following named persons, firms, and corporations are parties in interest, as in said Section 11 defined, with respect to the premises herein above described.

## NAME & LOCATION

## MAILING ADDRESS

| NAME & LOCATION | MAILING ADDRESS |
|---|---|
| North Andover Planning Board<br>North Andover Town Hall | 27 Charles Street<br>North Andover, MA 01845 |
| Middleton Planning Board<br>Middleton Town Hall (978)774-3344 | 195 North Main Street<br>Middleton, MA 01949 |
| Lynnfield Planning Board<br>Lynnfield Town Hall | 55 Summer Street<br>Lynnfield, MA 01940 |
| Reading Planning Board<br>Reading Town Hall | 16 Lowell Street<br>Reading, MA 01867 |
| Wilmington Planning Board<br>Wilmington Town Hall | 121 Glen Road<br>Wilmington, MA 01887 |
| Andover Planning Board<br>Andover Town Hall | 36 Bartlett Street<br>Andover, MA 01810 |

NORTH READING ABUTTERS LIST   FISCAL 2004   MAP 33 PARCEL 98   Print Date 7/21/04   Page 1

| PARCEL-ID / OWNER-NAME-1 | MAPLOTID | PARCEL ADDRESS / OWNER-NAME-2 | OWNER-ADDR-1 | OWNER-ADDR-2 | CITY | ST | ZIP |
|---|---|---|---|---|---|---|---|
| 030332000000100 LALLJOAN M | 32-010 | 171 CENTRAL ST | 171 CENTRAL ST | | NORTH READING | MA | 01864 |
| 030332000000310 SPENCER JOHN V | 32-031 | 78 NORTH ST DEBORAH SPENCER | 78 NORTH ST | | NORTH READING | MA | 01864 |
| 030332000000320 NORTH READING TOWN OF | 32-032 | 22 APPIAN WAY FORMERLY GILMAN | 231 NORTH ST | | NORTH READING | MA | 01864 |
| 030332000000330 FLYNN JANET M | 32-033 | 6 NELSON WAY | 159 HAWTHORNE ST | | MALDEN | MA | 02148 |
| 030332000000340 FLYNN JANET M | 32-034 | 5 NELSON WAY | 159 HAWTHORNE ST | | MALDEN | MA | 02148 |
| 030332000001360 DUVAL KIMBERLY A | 32-136 | 72 NORTH ST | 72 NORTH ST | | NORTH READING | MA | 02193 |
| 030332000001370 ROMEO THOMAS J | 32-137 | 74 NORTH ST ANASTASIA J ROMEO | 74 NORTH ST | | NORTH READING | MA | 01864 |
| 030333000000920 NORTH READING TOWN OF | 33-092 | 8 DAY AVE FORMERLY ALLEN | 231 NORTH ST | | NORTH READING | MA | 01864 |
| 030333000000930 NORTH READING TOWN OF | 33-093 | 10 DAY AVE | 231 NORTH ST | | NORTH READING | MA | 01864 |
| 030333000000940 FRANSEN NEIL | 33-094 | 5 DAY AVE SUSAN FRANSEN | 24 COUNTRY CLUB RD | | NO READING | MA | 01864 |
| 030333000000950 SIRRETTE DORIS J | 33-095 | 1 DAY AVE | 183 MT VERNON ST | | WINCHESTER | MA | 01890 |
| 030333000000960 FRANSEN NEIL | 33-096 | 14 APPIAN WAY SUSAN FRANSEN | 24 COUNTRY CLUB RD | | NORTH READING | MA | 01864 |
| 030333000000980 PALUMBO PAUL S | 33-098 | 20 APPIAN WAY | 2 LEBEL RD | | DANVERS | MA | 01923 |
| 030333000000990 FLYNN JANET M | 33-099 | 13 APPIAN WAY | 159 HAWTHORNE ST | | MALDEN | MA | 02148 |
| 030333000001000 FLYNN JANET M | 33-100 | 12 FIRST ST | 159 HAWTHORNE ST | | MALDEN | MA | 02148 |

NORTH READING ABUTTERS LIST    FISCAL 2004    Print Date 7/21/04    Page 2

| PARCEL-ID<br>OWNER-NAME-1 | MAPLOTID | PARCEL ADDRESS<br>OWNER-NAME-2 | OWNER-ADDR-1 | OWNER-ADDR-2 | CITY | ST | ZIP |
|---|---|---|---|---|---|---|---|
| 030330000001400<br>ARMISS LYMANT R. | 33-1-40 | 6 YANKEE LN<br>GARNISS SANDRA E | 6 YANKEE LN | | NORTH READING | MA | 01864 |
| 030330000001420<br>RANSEN NEIL S | 33-1-42 | 5 YANKEE LN<br>FRANSEN SUSAN Q | 24 COUNTRY CLUB RD | | NORTH READING | MA | 01864 |
| 030330000001430<br>SULLIVAN DA REALTY TRUST | 33-1-43 | 8 YANKEE LN<br>SULLIVAN DENNIS TRUSTEE | 23 ASHWOOD RD | | WILMINGTON | MA | 01887 |

RECEIVED

JUL 2 1 2004

NORTH READING
BOARD OF ASSESSORS

*Pd. 33.00*

TOWN OF NORTH READING
BOARD OF ASSESSORS
235 NORTH STREET
NORTH READING, MA 01864

## REQUEST FOR CERTIFICATION OF ABUTTERS LIST

To be submitted to (check one):

_____ Board of Appeals – *Towns*
_____ Board of Health
__✓__ Community Planning Commission – *Towns*
_____ Conservation Commission – *Towns*
_____ Selectmen
_____ Liquor License
_____ Other

**If this form is not completed, it will be returned.**

Copy of Assessor's Map with area highlighted - Fee of $3.00 __✓__
Abutters List Fee $30.00 __✓__                                    **PAID** _____

Property Owner of Record ___John & Julie Palermo___

Address of Property ___11 First St___

Assessor's Map# ___33___        Parcel# ___87___

Name of Applicant (print) ___John J. Palermo___

Applicant Address ___8 Hillside Rd, Boxford, MA 01921___

Applicant's Telephone # ___978-470-6053 (WORK)___

## CERTIFIED LIST WILL BE PROVIDED WITHIN 7 TO 10 WORKING DAYS

Official Use Only

Certified by: _____

Date: ___7/21/04___



## CERTIFICATION OF ABUTTERS LIST

The Board of Assessors of the Town of North Reading do hereby certify in accordance with the provisions of Sections 10 and 11 of Chapter 808 of the Acts of 1975, that the following named persons, firms, and corporations are parties in interest, as in said Section 11 defined, with respect to the premises herein above described.

| NAME & LOCATION | MAILING ADDRESS |
|---|---|
| North Andover Planning Board<br>North Andover Town Hall | 27 Charles Street<br>North Andover, MA 01845 |
| Middleton Planning Board<br>Middleton Town Hall (978)774-3344 | 195 North Main Street<br>Middleton, MA 01949 |
| Lynnfield Planning Board<br>Lynnfield Town Hall | 55 Summer Street<br>Lynnfield, MA 01940 |
| Reading Planning Board<br>Reading Town Hall | 16 Lowell Street<br>Reading, MA 01867 |
| Wilmington Planning Board<br>Wilmington Town Hall | 121 Glen Road<br>Wilmington, MA 01887 |
| Andover Planning Board<br>Andover Town Hall | 36 Bartlett Street<br>Andover, MA 01810 |

Case 1:05-cv-11782-RWZ    Document 1-3    Filed 08/29/2005    Page 9 of 12

## NORTH READING ABUTTERS LIST  —  FISCAL 2004  —  MAP 33 PARCEL 81

| PARCEL-ID | MAP/LOT ID | PARCEL ADDRESS | OWNER-NAME-1 | OWNER-NAME-2 | OWNER-ADDR-1 | OWNER-ADDR-2 | CITY | ST | ZIP |
|---|---|---|---|---|---|---|---|---|---|
| 003033000000670 | 33-067 | 11 THIRD ST | CREARTY MARY E & CORNELIUS J | | 11 CHERRY ST | | QUINCY | MA | 02169 |
| 003033000000680 | 33-068 | 12 THIRD ST | JOHNSSOREY BRIGITTE L | | MAGNOLIA ST | | NORTH READING | MA | 01864 |
| 003033000000690 | 33-069 | 14 THIRD ST | UBERSCHEY BRIGITTE L | | MAGNOLIA ST | | NORTH READING | MA | 01864 |
| 003033000000700 | 33-073 | 16 THIRD ST | GBIERSCHEY KLAUS | | SECOND ST | | NORTH READING | MA | 01864 |
| 003033000000740 | 33-074 | 13 SECOND ST | & BRIGITTE L F KUBIERSCHEY | | SECOND ST | | NORTH READING | MA | 01864 |
| 003033000000750 | 33-075 | 9 SECOND ST | NORTH READING TOWN OF | | 235 NORTH ST | | NORTH READING | MA | 01864 |
| 003033000000760 | 33-076 | 7 APPIAN WAY | NORTH READING TOWN OF | CONSERVATION COMMISSION | 235 NORTH ST | | NORTH READING | MA | 01864 |
| 003033000000890 | 33-080 | 8 APPIAN WAY | NORTH READING TOWN OF | CONSERVATION COMMISSION | 235 NORTH ST | | NORTH READING | MA | 01864 |
| 003033000000810 | 33-081 | 2 SECOND ST | NORTH READING TOWN OF | FORMERLY GILMAN | 235 NORTH ST | | NORTH READING | MA | 01864 |
| 003033000000820 | 33-082 | 6 SECOND ST | DEANE KAREN P | | 14 WINDSOR RD | | WEYMOUTH | MA | 02150 |
| 003033000000830 | 33-083 | 8 SECOND ST | NORTH READING TOWN OF | OREILLY CAROLYN S | 235 NORTH ST | | NORTH READING | MA | 01864 |
| 003033000000840 | 33-084 | 12 SECOND ST | ANTZSCHE ELITTH A TRUSTEE | FORMERLY GILMAN | 1255 SALEM ST | | NORTH ANDOVER | MA | 01841 |
| 003033000000860 | 33-086 | 16 MAGNOLIA ST | DORSEY PAUL D | NORTH ANDOVER REALTY TRUST | 13 MAGNOLIA ST | | NORTH READING | MA | 01864 |
| 003033000000870 | 33-087 | 18 MAGNOLIA ST | PALERMO JOHN | ANITA L DORSEY | 8 HILLSIDE RD | | BOXFORD | MA | 01921 |
| 003033000000880 | 33-088 | 11 FIRST ST | NORTH READING TOWN OF | JULIE PALERMO | 235 NORTH ST | | NORTH READING | MA | 01864 |
| | | 11 APPIAN WAY | | CONSERVATION COMMISSION | 235 NORTH ST | | NORTH READING | MA | 01864 |

# NORTH READING ABUTTERS LIST   FISCAL 2004

Print Date 7/21/04   Page 2

| PARCEL-ID | MAP/LOT ID | PARCEL ADDRESS | OWNER-NAME-1 | OWNER-NAME-2 | OWNER-ADDR-1 | OWNER-ADDR-2 | CITY | ST | ZIP |
|---|---|---|---|---|---|---|---|---|---|
| 23033000000890 | 33-089 | 7 FIRST ST | JOHNSON LAVERNE V | | 7 FIRST ST | | NORTH READING | MA | 01864 |
| 03033000000950 | 33-095 | 1 DAY AVE | USETTE DORIS J | | 110 MT VERNON ST | | WINCHESTER | MA | 01890 |
| 03033000000960 | 33-096 | 14 APPIAN WAY | RANSON NEIL | SUSAN FRANSEN | 24 COUNTRY CLUB RD | | NORTH READING | MA | 01864 |
| 23033000000990 | 33-099 | 13 APPIAN WAY | ANN JANET M | | 150 HAWTHORNE ST | | MALDEN | MA | 02148 |
| 03033000001000 | 33-100 | 12 FIRST ST | ELVIRA JANET M | | 150 HAWTHORNE ST | | MALDEN | MA | 02148 |
| 03033000001010 | 33-101 | 20 MAGNOLIA ST | HEIN FRED E | LINDA | 20 MAGNOLIA ST | | NORTH READING | MA | 01864 |
| 00303000001080 | 33-108 | 13 FIRST ST | NORTH READING TOWN OF | | 235 NORTH ST | | NORTH READING | MA | 01864 |

4

J~hn & Julie Palermo    ~28-~~7 ~~ ~ 

## NOTICE OF TAKING BY EMINENT DOMAIN

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

TO:    John and Julie Palermo
       8 Hillside Road
       Boxford, MA 01921

FROM:    Town of North Reading, Town Administrator

RE:    Taking by the Town of North Reading by eminent domain of the fee in a parcel of
       land located at 11 First Street in North Reading, MA, shown on Assessors Map 33
       as Parcel 87, and described in a deed recorded with the Middlesex South District
       Registry of Deeds (the "Registry") in Book 18278, Page 170.

DATE:    _March 24_, 2005

       In accordance with Massachusetts General Laws, c.79, §7C, you are hereby notified that
the Board of Selectmen of the Town of North Reading, at a meeting on January 24, 2005, as
authorized by the provisions of Chapter 79 of Massachusetts General Laws, Chapter 110 of the
Acts of 2003, and by virtue of the vote under Article 27 of the April 7, 2003 Town Meeting and
every other power and authority appertaining hereunto, adopted an Order of Taking, taking the
above-described premises by eminent domain for open space purposes. Said Order of Taking
was recorded on January 27, 2005 with the Registry in Book 44544, Page 223.

       Fifteen Thousand Two Hundred Fifty and 00/100 Dollars ($15,250.00) have been
awarded for said taking. No betterments are to be assessed for the project for which this taking
is made. If you dispute the adequacy of this award, you may petition for an assessment of
damages for the taking to the Middlesex Superior Court under G.L. c.79, §14 within three (3)
years from the date of recording of the Order of Taking.

                                   TOWN OF NORTH READING,
                                   By its Town Administrator

                                   _Thomas G. Younger_
                                   Thomas G. Younger

245697/NREA/0219

JS-44 (Rev. 3.99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Julie & John Palermo
8 Hillside Road
Boxford, MA

**(b)** County of Residence of First Listed Plaintiff    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

05 CV 11782 RWZ

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark J. Favaloro, Esq,
348 Park Street
N. Reading, MA (978) 664-1000

## DEFENDANTS
Town of North Reading
235 North Street
North Reading, MA

County of Residence of First Listed    Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
Leonard H. Kesten, Esq.
Brody, Hardoon, Perkins & Kesten, 1 Exeter
Plaza, Boston, MA (617) 880-7100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
    Plaintiff

☒ 3 Federal Question
    (U.S. Government Not a Party)

☐ 2 U.S. Government
    Defendant

☐ 4 Diversity
    (Indicate Citizenship of Parties
    in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | Determination Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
    Proceeding

☒ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to
    District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Sec. 1983- Equal Protection & Due Process

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $** unknown

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE
August 29, 2005

SIGNATURE OF ATTORNEY OF RECORD
Leonard H. Kesten, BBO No. 542042

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)  John Palermo v. Town of North Reading

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

    ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.



4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                      YES ☐     NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                                      YES ☐     NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                      YES ☐     NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                      YES ☐     NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                      YES ☒     NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒        Central Division ☐        Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                                      YES ☐     NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Leonard H. Kesten, Esq, Brody Hardoon, Perkins & Kesten, LLP

ADDRESS One Exeter Plaza, Boston, MA 02116

TELEPHONE NO.  (617) 880-7100

(Coversheetlocal.wpd - 10/17/02)