UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN PALERMO AND <br> JULIE PALERMO, <br> Plaintiffs, <br><br> v. <br><br> TOWN OF NORTH READING, <br> a body politic, <br> Defendant. | C.A. No. 05-11782 RWZ |

Now comes the defendant, Town of North Reading (the "Town"), in the above captioned matter and hereby responds to the plaintiff's numbered paragraphs in his Complaint as follows:

### I. Parties

1.  The Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph.
2.  The Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph.
3.  Admitted.

### II. Facts

4.  The Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph.
5.  Denied.
6.  The Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph. With respect to the document referenced in paragraph 6, the Town states that the document speaks for itself.

7. The Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph. With respect to any documents referenced in paragraph 7, the Town states that the document speaks for itself.

8. The Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph otherwise the defendant denies the allegations contained in this paragraph.

9. Denied.

10. The Town admits that William Flynn commenced litigation but as to the timeframe and substance of the litigation, the Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph.

11. Denied.

12. The Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph.

13. The Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph otherwise the defendant denies that premises are a buildable lot.

14. The Town states that the documents attached to the Complaint in support of paragraph 14 speak for themselves.

15. The Town is without knowledge or information sufficient to form an opinion with respect to the truth of the allegations set forth in this paragraph.

16. The Town admits that it took plaintiffs' property by eminent domain and denies all other allegations contained in paragraph 16.

17. Admitted.

### III. Causes of Action
### Count I
### (Eminent Domain, c. 79)

18. The defendant restates and incorporates by reference its responses to Paragraphs 1-17.

19. Denied.

20. Denied.

### Count II
### (Declaratory Relief, G.L. c. 231A)
### (Equal Protection, U.S. Const., 14th Amend. Mass. Const.)
### (Due Process, U.S. Const., 14 Amend., Mass. Const.)

21. The defendant restates and incorporates by reference its responses to Paragraphs 1-20.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

### Count III
### (Regulatory Taking)
### (U.S. Const., 5th Amend.)
### (Mass. Const., Art. X and XII)
### (M.G.L. c. 79, s 14)

26. The defendant restates and incorporates by reference its responses to Paragraphs 1-25.

27. Denied.

28. Denied.

29. Denied.

30. Paragraph 30 of the Complaint states a conclusion of law to which no response is required. Insofar as a response is required the allegations are denied.

### Count IV
### (Damages)
### (Massachusetts Civil Rights Act)

31. The defendant restates and incorporates by reference its responses to Paragraphs 1-30.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

and further answers:

## DEFENSE NO. 1

The Complaint should be dismissed because the Complaint fails to state a claim for which relief can be granted.

## DEFENSE NO. 2

The Complaint should be dismissed because the plaintiffs have failed to exhaust their administrative remedies.

## DEFENSE NO. 3

The Complaint should be dismissed because the plaintiffs' claims are not ripe for adjudication.

## DEFENSE NO. 4

The Complaint is barred by the applicable statute of limitations, laches and/or equitable estoppel.

## DEFENSE NO. 5

The Complaint should be dismissed for improper service of process

## DEFENSE NO. 6

The Complaint should be dismissed because the plaintiffs have failed to notify and join a necessary party.

## DEFENSE NO. 7

The Complaint should be dismissed for improper venue.

## DEFENSE NO. 8

The Complaint should be dismissed because the plaintiffs lack standing to prosecute the claims set forth in the Complaint.

## DEFENSE NO. 9

The plaintiffs have failed to state a cognizable due process claim as they lack any protected property or liberty interest in issuance of the requested permits.

### DEFENSE NO. 10

The plaintiffs have failed to state a cognizable procedural due process claim because state law provides for an adequate post-deprivation remedy.

### DEFENSE NO. 11

The plaintiffs have failed to state a cognizable substantive due process claim for failure to allege conscience shocking conduct by the defendants.

### DEFENSE NO. 12

The plaintiffs have failed to state a cognizable equal protection claim for failure to ascribe to the defendants any improper motive or personal or class-based animus against the plaintiffs.

### DEFENSE NO. 13

The plaintiffs have failed to state a cognizable equal protection claim for failure to identify with specificity any similarly situated applicants who were treated differently by the defendants.

### DEFENSE NO. 14

The plaintiffs have failed to state a cognizable equal protection claim because the defendants had a rational basis for denying plaintiffs' application.

### DEFENSE NO. 15

At all times relevant, the defendants were municipalities, municipal agencies or municipal officials and were acting in good faith, within the scope of their public duties and employment and in the exercise of their discretionary functions or duties.

### JURY DEMAND

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

The Defendant,
TOWN OF NORTH READING,
By its attorneys,


_____*S/Deborah Ecker*_____
Leonard H. Kesten, BBO# 542042
Deborah Ecker, BBO# 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116

Dated: September 9, 2005