UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11782RWZ

| | |
|---|---|
| JOHN PALERMO AND JULIE PALERMO,<br>    Plaintiffs,<br><br>v.<br><br>TOWN OF NORTH READING,<br>a body politic,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

The defendant Town of North Reading submits this memorandum of law in support of their motion to dismiss the plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  As grounds for this motion, the defendant submits that:

1.  At paragraph 23 of their Amended Complaint, the plaintiffs allege that "[t]he pro tanto amount awarded to the Plaintiffs [on eminent domain] did not represent the fair market value of the property before the taking."

2. At paragraph 24, they state that "[a]s a result, the Palermos have been damaged."

3.  As plaintiffs acknowledge in paragraphs 18-24 of their Amended Complaint, however, a jury trial was held in Middlesex Superior Court in February of this year on Count I of their earlier complaint which, pursuant to Mass. Gen. Laws c. 79, challenged the *pro tanto* eminent domain award given them with regard to the subject premises.

4. As plaintiffs further acknowledge in paragraphs 18-24 of their Amended Complaint, the jury awarded them the amount of $184,000 on such claim.

5. The plaintiffs are now attempting to seek additional recourse arising out of the same conduct via a purported "Regulatory Taking" Claim (Count I of the Amended Complaint) and a "Damages – Bad Faith" claim (Count II of the Amended Complaint).

6. These claims fail to state a basis upon which relief may be requested.

**I. Count I (Regulatory Taking) Should Be Dismissed.**

The plaintiffs bring their claim for a regulatory taking pursuant to the Fifth Amendment and Articles X and XII of the Massachusetts Constitution.[1] The Fifth Amendment to the United States Constitution prohibits the taking of private property for public use without just compensation. Similarly, Article 10 of the Massachusetts Declaration of Rights provides that "no part of the property of any individual can, with justice, be taken from him or applied to public use, without his own consent ... and whenever the public exigencies require, the property of any individual should be appropriated to public uses, he should

---

[1] Article XII of the Massachusetts Constitution meanwhile provides:

"No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse, or furnish evidence against himself. And every subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his council at his election. And no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land."

receive a reasonable compensation therefor." Massachusetts' courts employ the standards of the Fifth Amendment in applying the state "takings" clause. See Novak v. Department of Environmental Protection, 6 Mass. L. Rptr., 1996 WL 655782 (Mass. Super. 1996), citing Steinbergh v. Cambridge, 413 Mass. 736, 738 (1992).

The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. Hodel v .Virginia Surface Mining & Reclamation Ass'n, Inc., 452 U.S. 264, 297, n. 40, 101 S.Ct. 2352, 2371, n. 40 (1981). Simply put, "because the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied." Williamson County Regional Planning Commission v. Hamilton, 473 U.S. 172, 194-195, n. 13, 105 S. Ct. 105, S.Ct. 3108, 3120, n.13, 87 L.Ed.2d 126 (1985). See also D'Ambra v. City of Providence, 21 F.Supp.2d 106, 110 (D.R.I. 1998) Anderson v. Chamberlain, 134 F.Supp.2d 156, 162 (D. Mass. 2001). As such, if a party has recourse via an adequate process for obtaining compensation, whether state or federal, and if resort to that process "yield[s] just compensation," then the property owner "has no claim against the Government" for a taking. Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1013, 1018 n.21, 104 S.Ct. 2862, 2878, 2881, n. 21 (1984). See also Williamson, supra at 194-195.

It is well established that G.L. c. 79 *et seq.* provides a mode of compensation for the taking of private property by a municipality. Accordingly, the exclusive remedy available with respect to the taking of property in the Commonwealth is an action brought pursuant to that statute. Whitehouse v. Town of Sherborn, 11 Mass. App. Ct. 668, 673 (1981) ("There is no doubt that by

enacting c. 79, the Legislature meant to fashion an exclusive statutory remedy for takings made thereunder ...."). See also Marietta Realty, Inc. v. Springfield Redevelopment Auth., 902 F.Supp. 310, 313 (D.Mass. 1995), citing Gilbert v. City of Cambridge, 932 F.2d 51, 64-65 (1st Cir. 1991), *cert. denied* 502 U.S. 866, 112 S.Ct. 192 (1992) (landowner who brought § 1983 action against city for allegedly "taking" landowner's land without just compensation failed to exhaust his administrative remedies; Massachusetts law provides means by which appellant may seek redress for alleged deprivation of property). See also Kelly v. Chelmsford, 23 Fed.Appx. 18 (1st Cir. 2001). Accordingly, the plaintiffs' exclusive remedy for challenging the adequacy of any compensation for land taken was pursuant to G.L. c. 79, a process that has been deemed as adequate under the law for obtaining compensation. The plaintiffs do not claim the process was not adequate or that their use of it was futile or unsuccessful. Indeed, the plaintiffs invoked chapter 79 and their resort to that process yielded a jury verdict in their favor on their claim. The plaintiffs thus have no claim against the defendant for a taking.

**II. Count II (Damages – Bad Faith; G.L. c. 12, § 11I and 42 U.S.C. § 1983) Should be Dismissed.**

Count II of the plaintiffs' Amended Complaint purports to seek "damages – bad faith" pursuant to Mass. Gen. Laws. C. 12, § 11I and 43 U.S.C § 1983. To make a case for municipal liability under 42 U.S.C § 1983, the Supreme Court has repeatedly held that liability can be found only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983. City of Canton Ohio v. Harris, 489 U.S. 378,

4

(1989). To establish a claim under the Massachusetts Civil Rights Act ("MCRA") meanwhile, a plaintiff "must prove that (1) [his] exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation or coercion.' G.L. c. 12, § 11I." Swanset Dev. Corp. v. Taunton, 423 Mass. 390, 395, N.E.2d (1996).

The plaintiffs do not identify any constitutional violation in Count II. Nor do they even allege any interference with any constitutional right by "threats, intimidation or coercion." Redgrave v. Boston Symphony Orchestra, Inc., 399 Mass. 93, 98-99, 502 N.E.2d 1375 (1987). Count II appears to rest on the plaintiffs' contention that the Town's "*pro tanto*" award to them was deficient and required that they seek recourse in the courts – i.e. the takings issue. See Amended Complaint, ¶¶ 34, 35. As discussed above, however, because the Fifth Amendment proscribes takings *without just compensation,* no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right, therefore, requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action. See Marietta Realty, Inc., 902 F. Supp. at 313, citing Williamson County, 473 U.S. at 194 n. 13. Where, as here, there exists an adequate process for obtaining compensation and resort to that process "yield[s] just compensation," then there is federal claim with respect to the same. Ruckelshaus v. Monsanto Co., 467 U.S. at 1013, 1018 n. 21.

The plaintiffs in Count II add a reference to the CPC's rejection of their plan to build out the street. The plaintiffs, however, never appealed that decision

5

to the Zoning Board of Appeal and cannot now be heard to complain.  Moreover, the plaintiffs make only the vague assertion that the CPC's decision deprived them of protections under the law, without identifying any constitutional provision as providing the underpinning of a civil rights claim.  In any event, as discussed above, if a party has a post-deprivation remedy available to them, as the plaintiffs had here both in terms of appealing to the ZBA route and bringing an action under Mass. Gen. Laws c. 79, they have no recourse under § 1983 or the MCRA.

WHEREFORE, the defendant respectfully requests this Court dismiss the plaintiffs' Complaint.

Respectfully submitted,

Defendants,
By their attorney,


      /s /Judy A. Levenson
Judy A. Levenson, BBO#295570
Deidre Brennan Regan, BBO #552432
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA  02116
(617) 880-7100


CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants on  June 20, 2008.

         /s Judy A. Levenson