UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN PALERMO AND <br> JULIE PALERMO, <br>     Plaintiffs <br><br> v. <br><br> TOWN OF NORTH READING, <br> a body politic, <br>     Defendant. | C.A. No. 05-11782 RWZ |

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

I. PROCEDURAL HISTORY

1. On July 27, 2005, the Plaintiffs John Palermo and Julie Palermo filed a complaint in the instant action in the Middlesex (Mass.) Superior Court alleging damages against the Defendant, Town of North Reading for the taking of its land known as Lots 70 and 71 and 86 First Street, North Reading, Massachusetts.

2. On September 7, 2005, After Plaintiff's stipulation to allow additional time for the Defendant to file its answer, said Defendant removed said action to the United States District Court on the grounds that several Federal claims were being asserted.

3. On July 12, 2006 during a scheduling conference with the instant parties, this court issued a stay in the instant proceedings and ordered that the case be remanded to the state court for adjudication of the eminent domain count in the complaint.

4. On September 5, 2006 the parties filed a joint motion to stay the instant action in this court, to "allow the Plaintiffs to pursuant their eminent domain claims in the state court, (joint motion, ¶ 4) whereby, subsequent to "the final state court action, this Court will decide

whether the state court decision renders the federal court action moot or whether and how this federal court action should proceed as to the civil rights claims." (joint motion ¶ 5).

5.  On May 10, 2007 this court sent the docket sheet to the state court, whereby count I, being the eminent domain claim (M.G.L.A. c.79) proceeded to trial. Counsel for the Defendant in state court stipulated that only the eminent domain count would be heard by the state court, with the remaining counts to be adjudicated by this court.

6.  On February 5-8, 2008, a jury trial was held in the State Superior Court (a verdict in favor of the Plaintiff of over $200,000 including interest, was entered).

7.  On March 21, 2008 the Plaintiff amended the Complaint to reflect the action taken in the Massachusetts State Court.

8.  The case now appears back before the United States District Court for final adjudication.

## II. LEGAL STANDARD

The purpose of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "is to permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient." *Harvard Crimson, Inc. v. President & Fellows of Harvard College,* 445 Mass. 745, 748, 840 N.E.2d 518 (2006), *U.S v. Baylor,* 263 (2d. Cir. 2006). In evaluating a motion to dismiss, a court is required to apply the principle that a complaint is sufficient "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nader v. Citron,* 372 Mass. 96, 98, 360 N.E.2d 870 (1977), quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *McGinty v. State, 193 F.* 3rd (2d. cir. 1999)

For the purposes of this 12(b(6) motion, it cannot be disputed that the Defendant through its Board of Selectman, were aware that its own appraiser knew that the lot in question was

buildable and worth at least $140,000 (complaint ¶ 20). Despite such information from its own appraiser, the town, in violation of the Massachusetts eminent domain statute made a *pro tanto* award that bore no relation at all to the value of the property taken.

In addition, it is indisputable that trial counsel for the Defendant in the state court action willfully misrepresented the expected testimony of its own trial appraiser, being the same appraiser who made the original appraisal for the Defendant from which the pro tanto was calculated. (complaint ¶ 19)

The town in bringing this motion to dismiss, is attempting to use the agreement that counsel for both parties entered into in 2006 to stay the civil rights claims until conclusion of the eminent domain trial as a basis now for avoiding the adjudication of such claims. The Defendant is effectively arguing that because the Plaintiffs agreed to a stay of such claims, said Plaintiffs have effectively waived their right to bring such claims forward because they did not do so at the original state trial. Such argument is circular and at variance with the agreement of counsel, made in the presence of this court at the July 12, 2006 scheduling conference.

### III. A CAUSE OF ACTION CLEARLY EXISTS PURSUANT TO U.S.C.42 SEC. 1983 AND M.G.L CH. 12, SEC. 11h, i.

42 U.S.C. § 1983, commonly referred to as "section 1983" provides *inter alia,* that

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress. . .

In any section 1983 action, the first question is whether section 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger,* 769 F.2d 1350, 1353 (9th Cir.1985) (en

3

banc), cert. denied, 106 S.Ct. 3333 (1986). "To state a claim under 42 U.S.C. Sec. 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law." *Dooley v. Reiss*, 736 F.2d 1392, 1394 (9th Cir.1984) (footnote omitted), cert. denied, 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984); see also *Gibson*, 781 F.2d at 1338; *Haygood*, 769 F.2d at 1354

Such right is distinct from any relief obtained in a set court. See, e.g., *Clark v. Yosemite Community College District*, 785 F.2d 781, 790-91 (9th Cir.1986) (plaintiff deprived of right of association by defendant's acts regardless of outcome of state administrative remedy procedures, and so may bring section 1983 claim); *Rutherford v. City of Berkeley,* 780 F.2d 1444, 1447 (9th Cir.1986) ("Because the substantive due process is violated at the moment the harm [police brutality] occurs, existence of a post-deprivation state remedy should not have any bearing on whether a cause of action exists under Sec. 1983."); *Robins v. Harum*, 773 F.2d 1004, 1010 (9th Cir.1985).

While, M.G.L. 12, sections 11h, i, do require a finding of threat, intimidation or coercion, such coercion can be economic coercion. *Lecrenski Bros. Inc. v. Johnson,* , 312 F.Supp.2d 117. (D.Mass.2004)

In the instant case, the complaint clearly evidences through direct allegation and permissible inference the following conduct of the Defendant: a plan to take a building lot by eminent domain, a refusal to allow the Plaintiffs to build out the abutting road, a *diminimus* pro tanto award not related in any way to the value of the lot, a misrepresentation through its pre trial memorandum in the state court action of the expected testimony of the appraiser who was to testify at trial and in fact performed the original appraisal, while likely expecting that these

plaintiffs as well as other plaintiffs outside of this action, may not have the financial where wherewithal to challenge the taking through a court proceeding.[1]

Such Federal and State statutory protection is precisely designed for cases such as these when municipalities willfully ignore their obligations to its citizenry for fair and equitable treatment. The Defendant Town of North Reading in this case simply ignored its obligation to the Plaintiffs to fairly compensate them for the land taken, thus requiring the Plaintiff to expend significant funds, time and effort through litigation to obtain what they should have been awarded at the outset: fair compensation for a buildable lot, taken through eminent domain.

## IV. CONCLUSION

For all of the reasons sated herein the Plaintiffs John Palermo and Julie Palermo, move that this court deny the Defendant's motion for summary judgment and allow the instant action to proceed to a trial on the merits.

RESPECTFULLY SUBMITTED,

**JOHN PALERMO AND JULIE PALERMO,**
Plaintiffs,
By their attorney,

/s Mark J. Favaloro
Mark J. Favaloro, BBO# 160330
FAVALORO & ASSOCIATES
348 Park Street, Suite 202
North Reading MA 01864
(978) 664-1000

Dated: July 7, 2008

---

[1] While the instant action is not a class action testimony at trial will confirm that the town took over 20 parcels of land in connection with this taking, for the stated purpose of creating a passive recreational area in the Town of North Reading.

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed Through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent tot those participants indicated as non-registered participants on July 7, 2008.

_____/s *Mark J. Favaloro*_____