UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11782RWZ

| | |
|---|---|
| JOHN PALERMO AND JULIE PALERMO, <br>     Plaintiffs, <br><br> v. <br><br> TOWN OF NORTH READING, a body politic, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

<u>DEFENDANT'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>

The defendant Town of North Reading files this reply in support of their motion to dismiss the plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The plaintiffs argue that, in moving to dismiss, the Town is trying to use the fact the civil rights claims were stayed until the conclusion of the eminent domain trial "as a basis now for avoiding the adjudication of such claims." That is untrue. As the plaintiffs note, in seeking the stay, the parties agreed that after "the final state court action, the Court will decide whether the state court decision renders the federal action moot or whether and how this federal court action should proceed . . . . " No viable federal court action remains, and the federal claims should be dismissed. Nothing the plaintiffs argue in their opposition indicates anything otherwise.

Indeed, the plaintiffs make no separate argument in terms of their Count I, alleging a Regulatory Taking. They make a vague allegation at page 5 of their amended complaint that the Town "ignored its obligation to the Plaintiffs to fairly compensate them for the land taken," but they don't assert that such

conduct constituted a "regulatory" taking.  More importantly, the plaintiffs already pursued recourse for obtaining compensation and, where resort to that process yielded "just compensation," they have no claim against the Government for a taking.  See Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1013, 1018 n.21, 104 S.Ct. 2862, 2878, 2881, n. 21 (1984).

The plaintiffs, nonetheless, argue that they may pursue a "right" distinct from any relief "obtained in a set court." But, the plaintiffs' amended complaint fails to identify any such other federal "right," and the plaintiffs' opposition does not clarify this point.  At page 4 of their opposition, the plaintiffs cite to one case involving a "right of association" and another one involving a "substantive due process" claim – but they have not alleged or argued a deprivation of either right here and make only parenthetical reference to the same.

Also at page 4, the plaintiffs say that their complaint contains "direct allegation and permissible inference" of certain conduct "of the Defendant," but, again, they wholly fail to connect this claimed conduct with any constitutional provision or right.  To the extent, if any, that they are trying to say that this conduct somehow connects to a substantive due process claim, the argument fails.  The First Circuit Court of Appeals has held that "rejections of development projects and refusal to issue building permits do not ordinarily implicate substantive due process.  Even where state officials have allegedly violated state law or administrative procedures, *such violations do not ordinarily rise to the level of a constitutional deprivation*." PFZ Properties, Inc. v. Rodriquez, 928 F.2d  28,  31

(1st Cir. 1991) (emphasis added).[1]  The First Circuit further has stated with "a regularity bordering on the monotonous" that to be liable for a violation of substantive due process rights, a defendant must have engaged in behavior that is "conscience-shocking":  "the substantive due process doctrine may not, in the ordinary course, be invoked to challenge discretionary permitting or licensing determinations of state or local decision-makers, whether those decisions are right or wrong."  Pagan v. Calderon, 448 F.3d 16, 33 (1st Cir. 2006).  See also Mongeau v. Marlborough, 492 F.3d 14 (1st Cir. 2007).  Moreover, the plaintiffs have still failed to explain how this conduct constitutes that of the Town itself, as is required to impose liability against it under § 1983.  See City of Canton Ohio v. Harris, 489 U.S. 378, (1989) (municipality must cause constitutional violation; respondeat superior or vicarious liability will not attach under § 1983).

Simply put, the conduct identified in the plaintiffs' opposition does not rise to the level of a constitutional deprivation or otherwise provide any basis for any civil rights claim against the Town.

## CONCLUSION

WHEREFORE, for the reasons stated herein and in the defendant's initial memorandum in support of its motion to dismiss, the defendant respectfully requests this Court dismiss the plaintiffs' Amended Complaint.

---

[1]  Also, the conduct identified by the plaintiffs includes "a refusal to allow the Plaintiffs to build out the abutting road," but the plaintiffs totally ignore the fact that they never even appealed that decision to the Zoning Board of Appeal.

Respectfully submitted,

Defendants,
By their attorney,

   /s /Judy A. Levenson
Judy A. Levenson, BBO#295570
Deidre Brennan Regan, BBO #552432
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA  02116
(617) 880-7100

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants on  July 15, 2008.

                                         /s Judy A. Levenson