UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN PALERMO AND JULIE PALERMO,<br>Plaintiffs<br><br>v.<br><br>TOWN OF NORTH READING,<br>a body politic,<br>Defendant. | C.A. No. 05-11782 RWZ |

**PLAINTIFFS' OPPOSITION IN RESPONSE TO**
**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**ARGUMENT**

In Defendant's reply memorandum, the Town of North Reading continues to assert that the actions of its officials, in:

i) deliberately ignoring that plaintiff's land was zoned and classified as a building lot, (amended complaint, ¶¶ 19, 20 );

ii) ignoring the advised of the Defendant Town's Appraiser that said lot was a building lot, with a minimum value of $140,000; (amended complaint, ¶ 21 );

iii) awarding a *pro tanto* award of $15, 250 to the Plaintiffs, which value had no relationship to fair market value at all, in contravention of state law; (amended complaint, ¶ 17 );

iv) directing its trial counsel at the State Court to misrepresent the expected testimony of its appraiser, i.e., that said appraiser would testify that the lot in question was unbuildable, although the Defendant Town knew that said appraiser would testify that said lot was in fact buildable, <u>because the appraiser who testified at trial was the same appraiser who advised the town that the lot was a buildable lot in 2003 when the lot was being prepared for the talking</u>;

(amended complaint, ¶ 19); and

    v) three months prior to the taking of the land in question, refusing to permit the Plaintiffs to present a plan to the Town Planning Board that would have again established the lot in question as buildable. (amended complaint, ¶ 14, 15 );

    As previously argued, in the instant case, 42 U.S.C. § 1983, does in fact provide redress beyond simple monies recovered in a state court eminent domain trial. It bear reemphasis that it was the Plaintiffs' original intent to have a single trial in the State Court where all causes of action could have been tried simultaneously, but it was the action of the Defendant in removing the action to the Federal Court, and the subsequent agreement to stay action on all counts other than the eminent domain count until such time that the eminent domain count was individually tried in the State Superior Court, that has lead to this present bifurcation.

    The astounding trial testimony of William Lachance, the Town's appraiser, that the Defendant Town knew in 2003 that the lot was buildable, but chose to conceal this fact when awarding the *pro tanto*, thus necessitating the drawn out litigation and four day jury trial to recover the fair market value of the lot in question actions, and the failure of the Defendant Town to permit the Plaintiffs to conduct a hearing before the planning board to establish the buildability of the lot before the taking in 2005 is precisely the type of action that is appropriate to recover damages under § 1983. To hold otherwise would give encouragement to every Board of Selectmen or City Council to award nominal *pro tanto* amounts to any landowner when taking land, with the only down side being that should a landowner be able to challenge the taking in court, and should a jury side with the landowner in such challenge, then the City or Town at that point would simply pay the fair market value awarded. With no financial consequence looming for such abuse of power, the temptation to test the mettle of a landowner, particularly in tough financial times for such municipalities, may prove irresistible. U.S.C. 42 § 1983 is designed to

provide that conscience to prevent such occasions, by permitting the aggrieved landowner to recover the costs of litigation and delay resulting from the tactics of the municipality in willfully refusing to make a good faith payment at the *pro tanto* stage.

## CONCLUSION

At the status conference held by this court on July 8, 2008, counsel for the Defendant acknowledged that the Defendant "made a mistake" when calculating value for the land taken from the Plaintiffs as well as from other landowners in the Town.  The Plaintiffs' are entitled to discover the circumstances under which that mistake arose, and to further obtain  the testimony of the agents of the Town relative to its actions.

Principles of fairness and equity require that this case proceed to discovery and thereafter to trial.

Therefore, for all of the reasons stated herein the Plaintiffs John Palermo and Julie Palermo, move that this court deny the Defendant's motion to dismiss.

RESPECTFULLY SUBMITTED,

**JOHN PALERMO AND JULIE PALERMO,**
Plaintiffs,
By their attorney,


   /s Mark J. Favaloro
Mark J. Favaloro, BBO# 160330
FAVALORO & ASSOCIATES
348 Park Street, Suite 202
North Reading MA 01864
(978) 664-1000

Dated: July 30, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent tot those participants indicated as non-registered participants on  July 30, 2008.

                                                        /s *Mark J. Favaloro*